# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FREAS, JR., an individual,<br><br>          Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware corporation; and DOES 1 through 10,<br><br>          Defendants. | Case No.: 3:17-cv-01761-H-AGS<br><br>**ORDER**<br><br>**(1) SUBMITTING MOTION ON THE BRIEFS**<br><br>**(2) DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**(3) REQUIRING SUPPLEMENTAL SUBMISSIONS ADDRESSING THE COURT'S JURISDICTION**<br><br>[Doc. No. 15] |

On August 1, 2017, Plaintiff Alan Freas, Jr. ("Plaintiff") filed a complaint against Defendant BMW of North America ("Defendant") in the Superior Court of San Diego County, alleging a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.[1] (Doc. No. 1-3.) On August 31, 2017, Defendant removed the action to this District,

---

[1] The complaint also asserted a claim under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq., but Plaintiff stipulated to the dismissal of that claim. (Doc. Nos. 7, 8.)

1

3:17-cv-01761-H-AGS

and filed an answer to the complaint. (Doc. Nos. 1, 2.)

On November 9, 2017, Defendant filed a motion to transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a).[2] (Doc. No. 15.) Plaintiff filed an opposition to the motion on December 4, 2017, (Doc. No. 16), and Defendant filed a reply on December 11, 2017. (Doc. No. 17.) For the reasons below, the Court now denies the motion.

## Background

This action arises out of Plaintiff's purchase of a used 2011 BMW 740i from Defendant in Las Vegas, Nevada in March of 2014. (Doc. No. 1-3 at ¶ 7.) Plaintiff alleges that the vehicle "was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, various engine, HVAC, electrical, and structural defects." (Id. ¶ 9.) Plaintiff alleges that Defendant violated several state law warranties actionable through the federal Magnuson-Moss Warranty Act "by failing to repair the defects and nonconformities, or to replace or repurchase the vehicle." (Id. ¶ 34.) Although Plaintiff purchased the allegedly defective vehicle in Nevada, he now resides in San Diego, California. (Doc. No. 1-3 at ¶ 1.)

## Discussion

**I.     Legal Standard**

A district court may transfer an action to a different venue pursuant to 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses" and "in the interest of justice," so long as the action could have been filed in the transferee district in the first instance. 28 U.S.C. § 1404(a). The district court must "adjudicate motions for transfer [of venue] according to an individualized, case-by-case consideration of convenience and fairness."

---

[2]     A hearing on the motion is scheduled for December 18, 2017. Pursuant to its discretion under Local Civil Rule 7.1(d)(1), the Court determines the matter to be appropriate for resolution without oral argument, submits it on the papers, and vacates the motion hearing.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted)).

In deciding a motion to transfer venue, courts typically weigh a number of public and private factors, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-99.

The burden is generally on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice. See, e.g., CFTC v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). A plaintiff's choice of venue is accorded deference in the absence of strong reasons to transfer the action. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

## II. Analysis

Defendant argues that this action should be transferred to the District of Nevada for three reasons. First, Defendant argues that the District of Nevada has more significant contacts with the action than the Southern District of California because the allegedly defective vehicle was purchased and predominantly serviced in Nevada. Second, Defendant argues that Nevada law governs Plaintiff's Magnuson-Moss Warranty Act claim because the allegedly defective vehicle was purchased in Nevada, and that the case should therefore be transferred because the District of Nevada has more experience than this Court in applying Nevada law. Finally, Defendant argues that transfer is necessary because

several key witnesses reside in Nevada, and would be unwilling to travel to this District to testify. (See Doc. No. 15.)

Plaintiff, by contrast, opposes transfer on the grounds that: (i) as a California resident, transferring this case to Nevada would cause Plaintiff significant hardship; (ii) California and not Nevada law governs the warranties at issue in this lawsuit; and (iii) Defendant has not showed that any Nevada witnesses are actually important or necessary to the resolution of this lawsuit. (Doc. No. 16.)

After reviewing the parties' submissions, the Court is not persuaded that transferring this case would be "in the interest of justice." 28 U.S.C. § 1404(a). Although Plaintiff purchased and originally serviced the allegedly defective vehicle in Nevada, he most recently took the vehicle for service in Escondido, California, and resides within this District. (Doc. No. 15 at 4.) On balance, the Court does not view the difference in this lawsuit's contacts with Nevada and San Diego, respectively, as significant enough to displace Plaintiff's choice of forum.

Moreover, assuming that Nevada law governs the substantive warranties at issue in Plaintiff's Magnuson-Moss claim,[3] the Court does not view the presence of Nevada law as

---

[3] Broadly speaking, the Magnuson-Moss Warranty Act creates two different causes of action. See Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004) (explaining the two types of action created by the Act). First, a consumer may bring suit against a warrantor if the warrantor offers a warranty that fails to comply with the federal minimum standards set by the Act. See 15 U.S.C. § 2310(d)(1) (A "consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation under this chapter . . . may bring suit for damages and other legal and equitable relief[.]"). Second, the Act permits consumers to sue in federal court for violations of state law warranties without meeting federal diversity requirements. See id. (A "consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty, implied warranty, or service contract" may sue.); see also Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir. 1998).

Plaintiff's complaint alleges that Defendant "violated the Mag-Moss Act when [it] breached the express warranty and implied warranties" created at the time of sale "by failing to repair the defects and nonconformities, or to replace or repurchase the vehicle." (Doc. No. 1-3 at ¶ 34.) Because Plaintiff's Magnuson-Moss claim is premised on Defendant's alleged violation of express and implied warranties governed by state law, the Court must look to state law in adjudicating Plaintiff's claim. Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022 n.3 (9th Cir. 2008). The parties dispute which state's law—California or Nevada—governs the express and implied warranties at the heart of Plaintiff's claim. The Court declines to resolve this dispute at this stage of the proceedings. However, the Court notes that there

4

3:17-cv-01761-H-AGS

a strong reason to transfer the case. The Court is regularly called to apply law from jurisdictions other than California in diversity cases, and there is no indication that Nevada consumer warranty law is particularly complex or uncertain.

Finally, the Court is not persuaded that transfer is necessary to obtain the testimony of key witnesses. Defendant attached six nearly identical two-sentence declarations from BMW mechanics residing in Las Vegas to its motion. (Doc. No. 15-5.) Each declarant stated that they would be unwilling to travel to San Diego to testify in this action. However, Defendant has not provided sufficient details about these witnesses or their proposed testimony for the Court to determine whether the witnesses are actually critical to this dispute. Moreover, as Plaintiff points out, Defendant has not explained why these witnesses could not be deposed in Las Vegas, and have their depositions introduced into evidence at trial. See Fed. R. Civ. P. 32(a)(4)(B) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds[] . . . that the witness is more than 100 miles from the place of hearing or trial . . . .").

In sum, the Court concludes that Defendant has failed to make the "strong showing" required to disturb Plaintiff's choice of forum. Decker Coal Co., 805 F.2d at 842. The Court therefore denies the motion to transfer.

## III. Subject Matter Jurisdiction

In its notice of removal, Defendant alleges that the Court possesses subject matter jurisdiction to adjudicate this action pursuant to 28 U.S.C. § 1332 and 15 U.S.C. § 2310. (Doc. No. 1 at ¶ 4.) Section 1332 grants district courts original jurisdiction when, inter alia, the suit is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1), (b). And the Magnuson-Moss Warranty Act grants district courts original jurisdiction to adjudicate claims brought pursuant to the Act provided that the amount in controversy is greater than $50,000,

---

is no merit to Plaintiff's contention that his claim is not "based on an underlying state law breach of warranty claim." (Doc. No. 16 at 17.)

exclusive of interest and costs. 15 U.S.C. § 2310(d)(1)(B), (3)(B).

"[W]hen a defendant removes a complaint to federal court, the defendant's burden with respect to the amount in controversy varies depending on the circumstances." Edwards v. Ford Motor Co., No. CV 16–05852–BRO (PLAx), 2016 WL 6583585, at *3 (C.D. Cal. Nov. 4, 2016). In cases "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the "'removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (brackets omitted) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 102 F.3d at 404. The Court follows the same standards in determining the amount in controversy under both the federal diversity statute and the Magnuson-Moss Warranty Act. Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1037 (9th Cir. 2004).

Plaintiff's complaint does not specify the amount of damages Plaintiff is seeking. And the Court is unable to determine from the present record whether the amount in controversy exceeds $50,000, as required by the Magnuson-Moss Warranty Act, or $75,000, as required by the federal diversity statute. The Court therefore orders the parties to show cause why this case should not be remanded to the Superior Court of San Diego County. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant, as the party that bears the burden of proving jurisdiction, shall file a brief addressing this Court's jurisdiction on or before **January 8, 2018**. Plaintiff shall file a brief addressing his position on jurisdiction on or before **January 16, 2018**. The parties shall limit their briefing to fifteen pages, exclusive of the tables of contents and authorities required by Civil Local Rule 7.1(h).

///

## Conclusion

For the foregoing reasons, the Court denies the motion to transfer venue, and orders the parties to file supplemental briefing addressing this Court's subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: December 12, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT