# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN FREAS, JR., <br><br>　　　　　　　　　Plaintiff, <br><br>v. <br><br>BMW OF NORTH AMERICA, LLC, <br><br>　　　　　　　　　Defendant. | Case No.: 3:17-cv-01761-H-AGS <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS** <br><br>[Doc. No. 104] |

On November 1, 2018, following a three-day trial, a jury returned a verdict in favor of Defendant BMW of North America, LLC as to Plaintiff's breach of written and implied warranty claims. (Doc. No. 91.) On November 26, 2018, the Court entered judgment in favor of Defendant. (Doc. No. 98.) On December 6, 2018, Defendant filed a bill of costs. (Doc. No. 99.) On December 20, 2018, Plaintiff filed an objection to the bill of costs. (Doc. No. 101.)

On December 27, 2018, at a hearing for taxation of costs, the Clerk instructed Defendant to supplement its itemization of costs with a memorandum of costs, to which Plaintiff objected. (Doc. No. 103 at 1.) On January 2, 2019, Defendant filed a

memorandum of costs. (Doc. No. 102.) On January 11, 2019, the Clerk taxed $5,947.65 in costs in favor of Defendant. (Doc. No. 103.)

On January 18, 2019, Plaintiff filed a motion to re-tax costs. (Doc. No. 104.) On January 22, 2019, Defendant filed a response. (Doc. No. 105.) On February 12, 2019, Plaintiff filed a reply. (Doc. No. 110.) For the following reasons, the Court denies Plaintiff's motion to re-tax costs.

## Discussion

### I. Legal Standard

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also 28 U.S.C. § 1920; L.R. 54.1(a). This rule creates a presumption in favor of awarding costs to the prevailing party. Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003).

The Court may, however, deny costs at its discretion, but only in "extraordinary" cases where it would be "inappropriate or inequitable to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000). "Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." Quan v. Comput. Scis. Corp., 623 F.3d 870, 888–89 (9th Cir. 2010) (internal quotation marks omitted) (quoting Champion Produce, 342 F.3d at 1022), abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 134 S. Ct. 2459 (2014).

### II. Analysis

#### A. Defendant's supplemental memorandum

Plaintiff argues that all costs should be denied to Defendant because Defendant failed to submit a properly supported bill of costs. (Doc. No. 104 at 4–5.) Defendant

argues that Plaintiff "offers no authority to support the notion that the Clerk's request for supplemental briefing undermines the validity of the Order Taxing Costs." (Doc. No. 105 at 2.) The Court agrees with Defendant.

The Clerk's request for supplemental briefing did not appear to prejudice Plaintiff. In Defendant's timely bill of costs, Defendant provided the invoices of the costs requested. (See Doc. No. 99.) As a result, Plaintiff was on notice of Defendant's requested costs. Indeed, Plaintiff was able to raise specific objections to the bill of costs. (See Doc. No. 101.) Moreover, in its supplemental memorandum of costs, Defendant voluntarily withdrew its request for the State filing fee, the cost of an outside print job, and other costs related to Plaintiff's expert witness. (See Doc. No. 102 at 2, 4.) Accordingly, the Court finds that Plaintiff was not prejudiced by the supplemental briefing and declines to deny Defendant all costs for not providing a timely memorandum of costs.

## B. Fees for printed or electronically recorded deposition transcripts

Plaintiff argues that the deposition transcript costs should not be allowed because none of the deposition transcripts were admitted into evidence at trial and Defendant has otherwise failed to show why the transcripts were necessary. (Doc. No. 104 at 6–8.) In addition, Plaintiff contends that it is unclear whether the Clerk reduced the amount of costs awarded by removing transcript handling, shipping, and extra copy fees. (Id. at 8.) Defendant argues that the Clerk properly awarded the deposition transcript costs. (Doc. No. 105 at 4–6.) The Court agrees with Defendant.

According to L.R. 54.1.b.3, depositions are items taxable as costs. Such costs include "[t]he cost of an original and one copy of any deposition . . . necessarily obtained for use in the case. . . . Depositions need not be introduced in evidence or used in trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." L.R. 54.1.b.3.a.

Here, the depositions could reasonably be expected to be used for trial preparation. The transcripts were from the depositions of Plaintiff, Plaintiff's designated and sole expert

3

3:17-cv-01761-H-AGS

witness, and Defendant's expert as well as 30(b)(6) witness. (Doc. No. 105 at 5–6.) In addition, based on the Court's calculations, after subtracting the handling fees, shipping fees, DVD exhibit fee, digital transcript fees, condensed transcript fees, and services fees from the invoices provided, Defendant is entitled to $2,411.22 in costs, which is the same amount the Clerk awarded. (See Doc. 99 at 9–12.) Accordingly, the Clerk properly awarded Defendant $2,411.22 for "Fees for Printed or Electronically Recorded Deposition Transcripts."

### C. Fees for exemplification and copies

Plaintiff argues that Defendant failed to identify the copies for which it requested costs. (Doc. No. 104 at 8–9.) In addition, Plaintiff argues that Defendant did not use most of its exhibits, that Defendant did not need to create binders of exhibits, that the Local Rules did not require Defendant to create the binders, and that the exhibit binders served no other legitimate purpose. (Id. at 10–11.) Defendant argues that it submitted sufficient information and evidence for the Clerk to identify the claimed costs were properly taxable. (Doc. No. 105 at 7.) The Court agrees with Defendant.

In its supplemental briefing, Defendant explained that the copies were of exhibit binders provided to Plaintiff, Defendant's counsel, the jury, and the Court. (Doc. No. 102 at 4.) The Clerk awarded Defendant the costs of Plaintiff's, the jury's, and the Court's copies, but did not award Defendant the cost of its own copy. (Doc. No. 103 at 3.) L.R. 54.1.b.6.a allows for taxation of costs for copies obtained for use in a case if either "1. Copies were provided either to the court or to opposing counsel either by court order, rule or statute", or "2. Copies were used as court exhibits, either admitted into evidence, or attached to a motion." Accordingly, the Clerk correctly subtracted one-fifth of Defendant's copying costs for Defendant's copy. Given that some of the exhibits in the binder were used at trial, the Court determines that the cost of Plaintiff's, the jury's, and the Court's copies are taxable. The Court concludes that the Clerk properly taxed $3,136.43 in fees for exemplification and copies.

///

### D. Plaintiff's argument regarding entire request for costs

Plaintiff argues that Defendant's costs should be denied in entirety because Defendant egregiously overreached in its request for costs. (Doc. No. 104 at 5.) As noted above, the Clerk correctly taxed Defendant's costs, and Defendant voluntarily withdrew multiple costs when it filed its supplemental memorandum. Under these circumstances, the Court declines to deny Defendant all costs.

### Conclusion

After carefully considering all of Plaintiff's arguments for disallowance of Defendant's costs, the Court denies Plaintiff's motion to re-tax costs.

**IT IS SO ORDERED.**

DATED: February 14, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT